Porter J.
This is an action by the endorsee, against the endorser of a promissory note.
The defence set up is forgery, and alteration in the note after it was endorsed; also want of regular protest and due notice.
On the trial, the defendants offered the first endorser of the note, to prove that it was altered after he put his name on it, as well in date as in amount; the court rejected him, and an exception has been taken to that opinion.
The question of the admissibility of a party to a negotiable instrument, to come in as a witness, and destroy a paper to which his name has given currency, appears to be now settled by authority in the negative: but that rule applies to any thing which occurred before he put his name on it, not after; if the note in this case was altered subsequent to the endorsment, the endorser never gave that note, so altered, credit; it was a paper of a different kind that he put his name on.
But admitting that the witness had proved every thing, which the party offering him avered he could prove, his testimony could not have *19 varied the result: for the question is not whether it was altered after Morse endorsed it, but whether any change was made after the defendants put their names on it? The evidence on this head is completely opposed to this idea; it satisfies me that when endorsed by the defendants, it was already filled up for the amount stated in the petition.
Hoffman for the plaintiff, Eustis for the defendants.
The protest was regularly made, and due notice given, Chitty on Bills, 266. A man's residence is the place where it is presumed he is to he found, and has funds to meet the demand, and there is no obligation on the holder to seek for him elsewhere.
I am therefore of opinion, that the judgment of the parish court he affirmed with costs.